The complainant had obtained a verdict at law in the District Court of Charlottesville, in an action of trespass, brought to try the title of laud. As soon as the judgment was rendered, the defendant began to commit wasic on the land which had been the subject of controversy, to restrain which waste, an injunction was awarded by this Court. The defendant, by his answer, did not except to the jurisdiction of the Court, but relied upon his title, notwithstanding the judgment at law. Amotion was now made to dissolve the injunction.
By the Court. The bill presents a case proper for the consideration of a Court of Equity. if it did not, the exception now taken at the bar might possibly be sustained, notwithstanding' the 29th section of the act by which this Court was established,(a) the true exposition of which may possibly be confined to those cases where the jurisdiction of a Court of Equity must be excepted to by plea in abatement, and not by demurrer; for the rule is laid down by the English authorities to be, that when any objection is apparent on the bill itself, either from matter contained in it, or from some defect in its frame, or in the case made by it, such objection should be made by demurrer as the proper mode of defence; but when an objec-lion is not apparent on the bill itself, (as is the case in the present instance,) the proper mode of defence is by plea or answer, shewing to the Court the matter which creates the objection ; and this is generally done by a plea in abatement to the jurisdiction.(b) It may be proper for the above recited *aci to bear this construction, to prevent too many impositions upon the jurisdiction of this Court: at present, however, the ; 'ourt will leave this question open for future discussion, without saying what would be the decision, if the jurisdiction had been properly excepted to : for, if the statute concerning- waste(c) had been considered, it would have clearly appeared that a Court of common law has the power, pending any suit concerning land, to prevent the party in possession from committing waste.
But the suit having been commenced here for that purpose, and that being one of the subjects which this Court may inquire info and determine upon, unless, under some peculiar circumstances, it could be shewn to be more properly cognisable in a Court of common law, this Court, upon the general principle that, where it has jurisdiction in part, it will entertain it for the whole subject of controversy, since the parties are before it, will now do so: and, as it depends upon the title whether the complainant has committed the waste complained of, or not, an issue will be directed at law, to try the title ; and until the verdict of the jury thereupon shall be certified, the injunction will stand continued.
A üule of tho Court of Chancery.
This being the last day of the term, the injunctions dissolved at the last term were all called over, (under the rule of the Court, in pursuance of the act of Assembly, passed at the December session, 1803,)(d) to be dismissed, unless good cause to the contrary should be shown : when the Court said, that, if any gentleman of the bar who desired to continue his suit, where the injunction had been dissolved, would state that his client had additional evidence, or could procure it, which would, in the opinion of such counsel, vary the case, it might be continued as an original suit, for a final hearing upon the merits.
*20 Peter Lyons, Esquire, President.
Paul Carrington, Esquire.
William Fleming, Esquire.
Spencer Roane, Esquire.
St. George Tucker, Esquire.
Attorney General — Philip Norborne Nicholas, Esquire.

 Key. Code, vol. 1. c. 64, p. 66.

 See Mitford’s Pleading's, p. 177.

 Rev. Code. vol. 1, c. 139. sec. 8. p. 277.

 See Rev. Code, vol. 2. c. 29, sect. 3, p. 29. See also post, p. 205: Gallego v. Queanall’s administrator, where it is held that this act does not extend to injunctions then depending. See also the case of Beatty v. Smith and Thompson, vol. 2, where the same principle is applied, as to damages and interest, upon appeals from decrees in Chancery depending in the Court of Appeals, at the commencement of the act.